Dear Mayor Freeman:
You ask, "can a full-time police officer in one municipality hold the office of chief of police in another municipality"? Our answer is a qualified "yes".
The state Dual Officeholding and Dual Employment Laws, R.S. 42:61, etseq., do not prohibit one from holding local elective office and employment in a separate political subdivision of the state. Rather, R.S. 42:63(D) prohibits a person from holding elective office in a political subdivision of the state and holding "at the same time employment . . . in the same political subdivision in which he holds elective office". Since these positions fall within two different municipalities, the prohibition of law becomes inapplicable.
However, if one or both of the municipalities in question are governed by home rule or legislative charters, a different conclusion might result. We note that a home rule charter provision which prohibits an elected official from simultaneously holding another municipal office would be controlling, as R.S. 42:66(D) states:
 D. Nothing in this part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
We hope the foregoing is helpful to you. Should you have any other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: October 18, 2002